

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PS-O-

QUANTON QUARLES, 08B3355,

        Plaintiff,

  -v-

DECISION AND ORDER
09-CV-6103L

Dr. JOSEPH MARINO; M. BISE (RN); J. PARKER (LPN)
and MONROE COUNTY JAIL MEDICAL
ADMINISTRATION, DEPT. OF CORR. SERVICES;

        Defendants.

---

    Plaintiff has filed an amended complaint in response to the Court's Order dated March 10, 2009 (Docket # 3). Plaintiff claims that he was denied adequate medical care when Dr. Joseph Marino, M. Bise, J. Parker and the Administration of the Medical Department of the Monroe County Jail failed to adequately monitor his blood sugar levels while he was taking a medication, a known side-effect of which was the development of diabetes. The Court has screened this complaint pursuant to 28 U.S.C. 1915(e)(2)(B) and 1915A(a).

    Based on its evaluation of the complaint, the Court finds that the amended complaint may go forward against defendants Marino, Bise and Parker. Plaintiff's claims must be dismissed against Monroe County Jail Medical Administration, Department of Correctional Services because they fail to state a claim upon which relief may be granted.

    Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity

secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994))(emphasis added).

Although municipalities are considered "persons" for purposes of 42 U.S.C. § 1983, a local government such as Monroe County may not be held liable under § 1983 unless the challenged action was performed pursuant to a municipal policy or custom. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694(1978). Municipalities are not subject to § 1983 liability solely on the basis of a *respondeat superior* theory. *Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992); *Monell*, 436 U.S. at 694. To hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citations and quotations omitted); *see Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy."). Here, plaintiff does not contend that any of the alleged constitutional deprivations were caused by or occurred pursuant to an official custom or policy of Monroe County or the County Jail's Medical Department, and thus plaintiff has failed to state a § 1983 claim against the Monroe County Jail Medical Department.

As discussed in the Court's previous Order, to name a proper defendant in a § 1983 action, plaintiff needs to name, or otherwise identify, a specific person and state how that defendant was personally involved in the alleged constitutional violation. He has done that as to defendants

Marino, Bise and Parker. He may not, however, name an entire municipal department as a defendant. Accordingly, the Monroe County Jail Medical Administration, Department of Correctional Services is dismissed as a defendant.

The Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Amended Complaint with Exhibits from the original complaint,[1] and this Order upon defendants Marino, Bise and Parker, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor. The Clerk of Court is also directed to terminate defendant Monroe County Jail Medical Administration, Department of Correctional Services as a party to this action.

Pursuant to 42 U.S.C. § 1997e(g), the defendants are directed to answer the complaint.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: April 10, 2009
Rochester, New York

---

[1] Plaintiff refers twice in his Amended Complaint to Exhibits 1-36 attached (pp. 5-6). There are no exhibits attached to the amended complaint and, therefore, the Court assumes plaintiff intends to refer to the exhibits attached to the original complaint, which are voluminous copies of medical records.

3