UNITED STATES DISTRICT
WESTERN DISTRICT OF NEW YORK
_____

QUANTON QUARLES,

                                Plaintiff,

                                                                                               DECISION AND ORDER

                                                                                              09-CV-6103L

                                v.

DR. JOSEPH MARINO,
M. BISE (RN),
J. PARKER (LPN),

                                   Defendants.
_____

       Plaintiff Quanton Quarles ("Quarles") is presently incarcerated with the New York Department of Corrections. For a time, he was confined to the Monroe County Jail (the "Jail"). In 2009, Quarles commenced this action, *pro se,* against several Jail medical practitioners and other Jail employees, claiming that they had violated his rights under the Eighth Amendment of the Constitution, by displaying indifference to his medical needs.

       The claims against some of the defendants have already been dismissed by the Court. (Dkt. #5). Now the remaining defendants, Doctor Joseph Marino, Nurse Mary Bise and Nurse Tasha Parker, have moved for summary judgment dismissing the claims against them. (Dkt. ##31, 32). For the following reasons, their motions are granted.

       Because he is proceeding *pro se,* plaintiff was provided with a specially-drafted, explicit notice detailing the nature of the motion and the relief sought, and notifying him that his responses in opposition to the motion were due by November 29, 2010. (Dkt. #44). As of the date of this Decision and Order, Quarles has failed to respond in any way to the motions for summary judgment.

In spite of Quarles' failure to respond, this Court has carefully considered the motions, and the bases for relief identified therein. After a complete examination of the record, it is clear that defendants are entitled to summary judgment dismissing the complaint on multiple grounds.

First of all, as defendants demonstrate, Quarles never exhausted his administrative remedies by filing any grievance relative to the allegedly poor medical care about which he now complains. Exhaustion of administrative remedies by inmates is a prerequisite to litigation in this Court, pursuant to the Prison Litigation Reform Act ("PLRA"), and failure to file and fully pursue a grievance relating to his instant claims bars plaintiff from raising them now, in this forum. 42 U.S.C. § 1997e(a). *See also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (the PLRA's exhaustion requirement pertains to "all inmate suits about prison life").

There are also substantive reasons to grant the motion for summary judgment. It is clear from the submissions that neither Nurse Bise or Nurse Parker had any authority to provide the medication and other tests that plaintiff asserts he should have received. It appears that even plaintiff concedes that it was not the nurses that made treatment decisions of this type, but physicians. Plaintiff thus cannot demonstrate that Nurse Parker or Nurse Bise had any direct personal involvement in, or liability for, the medical decisions with which plaintiff takes issue.

As to Dr. Marino, it appears that at most plaintiff simply disagrees with certain decisions made about his care. There is no evidence that plaintiff's medical needs were ignored or that the treatment rendered to him was inappropriate to his particular needs. On the contrary, the records indicate that he was timely seen and treated for a variety of complaints. Plaintiff's mere disagreement with his provider's treatment decisions does not rise to the level of a federal civil rights violation. *See Chance v. Armstrong*, 143 F.33d 698, 703 (2d Cir. 1998) ("[s]o long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation"). At most, plaintiff has alleged negligence or medical malpractice, neither of which can form the basis for a civil rights action. *See Estelle v. Gamble*, 429 U.S. 97, 106

(1976) (an allegation "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment").

On the papers before me, there is simply no evidence to suggest that the care given to plaintiff was improper, or that any of the defendants exhibited deliberate indifference to plaintiff's serious medical needs. In any event, plaintiff has failed to exhaust his administrative remedies.

CONCLUSION

The motions of defendants Joseph Marino, Mary Bise and Tasha Parker for summary judgment (Dkt. ## 31, 32), which plaintiff has not opposed, are granted and the complaint is dismissed. Plaintiff has failed to exhaust his administrative remedies or to demonstrate personal involvement by some of the defendants, and I find that there are no material questions of fact concerning whether the defendants acted with deliberate indifference to his serious medical needs.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 5, 2011.